IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA

      vs.                         NO.   2:11-cr-035(3)
                                                               JUDGE WATSON

DANIEL J. HUFFMAN,
         Defendant.

### GOVERNMENT'S SENTENCING MEMORANDUM

The advisory Guidelines sentencing range for the Defendant Daniel J. Huffman ("Huffman") is 18-24 months based on an offense level of 15 and a criminal history category of I. The probation officer has recommended a deviation from this range.

The United States acknowledges that Court will determine the appropriate sentence in this case, but submits that it should do so only after a full consideration of both sentencing factors under 18 U.S.C. § 3553 and a motion the government expects to file for a downward departure from Huffman's otherwise applicable Guidelines range under USSG § 5K1.1.

**The Court must consider the nature and circumstances of Defendant Huffman's offense and his characteristics in determining the sentence it will impose.**

In enacting the Sentencing Reform Act of 1984, Congress had three objectives: (1) honesty in sentencing; (2) uniformity in sentencing by narrowing wide disparities in sentences imposed for similar offenses committed by similar offenders; and, (3) proportionality in sentencing through a system that imposes appropriately different sentences for more or less severe criminal conduct. USSG Ch. 1Pt. A., intro. comment.  As the Supreme Court recognized, Congress sought to achieve through a sentencing guidelines system greater fairness in sentencing through diminished unwarranted sentencing disparity and greater fairness through increased uniformity. *Rita v.*

*United States*, 551 U.S. 338, 354 (2007).

Congress specifically directed sentencing courts to consider in determining a particular sentence to be imposed, among several factors, the kinds of sentence and the sentencing range established in a case under the Sentencing Guidelines [18 U.S.C. § 3553(a)(4)], the need for the sentence imposed to provide just punishment as well as general deterrence to criminal conduct [18 U.S.C. § 3553(a)(2)], the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct [18 U.S.C. § 3553(a)(6)], the nature and circumstances of the offense and the history and characteristics of the criminal defendant [18 U.S.C. § 3553 (a)(1)], and any pertinent policy statement issued by the Sentencing Commission [18 U.S.C. § 3553(a)(5)].

When the Court considers these 3553(a) factors, it should give particular consideration to the nature and circumstances of Huffman's offense.  Defendant worked for Todd Lamb ("Lamb"), a codefendant in this case, during the period 2005-2007. (PSR ¶ 14.)  Sometime in 2005, Lamb told Huffman they had a job with a railroad to collect scrap iron railroad spikes in Bellefontaine, Ohio.  Lamb and Huffman had collected a quantity of the iron spikes when officers of the Bellefontaine Police Department arrived and told them to return the spikes they had collected. (*Id*.)  Lamb later told Huffman he did not have permission to take the spikes. Lamb subsequently told Huffman to keep his mouth shut and threatened Huffman, warning him that snitches must die.  (*Id*.)

During the same year, Lamb, Huffman, and stole vehicles, equipment, and other property located around Logan County, Ohio.   (PSR ¶ 15.)

Lamb recruited Huffman and another individual, referenced herein as F, to become involved in a theft ring involving heavy equipment. (PSR ¶ 16.)   Lamb directed the theft activities

of the ring. (PSR ¶ 13.) Lamb gave Huffman and F master keys for backhoes, bulldozers, tractors, excavators, loaders, and other pieces of heavy equipment. (PSR ¶ 16.) Lamb instructed Huffman and F to locate and steal such equipment during their travels and return the stolen equipment to Lamb's auction business. (*Id*.) Identification numbers on the machines were removed after the equipment arrived at the auction business but before the machines were sold to unsuspecting buyers. (*Id*.)

Lamb also instructed Huffman and F to disconnect batteries on the machines when they were being stolen so that their tracking devices could not trace them to Lamb's auction site. (*Id*.) Lamb also advised Huffman and F by cellular telephone during thefts of equipment on how to unlock, start, steal, and deliver the equipment to the auction site. (PSR ¶s 18-19.)

Lamb also had discussions with Huffman and F about killing one of Lamb's auction customers. (PSR ¶ 20.) That customer, who had consigned several items of heavy equipment to Lamb's business, attempted to recover his property on March 21, 2007. (*Id*.) A confrontation arose between Lamb and the customer, and culminated in an altercation between the two men, during which Lamb discharged a firearm in the direction of the customer.[1] (*Id*.)

The United States submits that the nature and circumstances of Huffman's offense, as discussed above, show that Huffman committed his offense at the direction of another person, and suggest that Huffman committed his offense, at least in part, as a result of threats and intimidation from that other person.

**Should the Court impose a sentence below the Guidelines range otherwise applicable in this case, it should ensure its justification is sufficiently compelling to support its degree of variance.**

---

[1] The Court may recognize the events surrounding this customer and property were a subject before the Court in S.D. Ohio no. 2:12-cr-125, a related case involving Defendant Karen Henry Lamb.

Pertinent policy statements issued by the United States Sentencing Commission address whether and to what extent certain factors should be considered by a sentencing court in imposing an appropriate sentence. Per 18 U.S.C. §§ 3553(a)(5) and (a)(6), a sentencing court should consider guidelines provisions, and other authorities and factors, in deciding whether to impose a sentence that would be a deviation from an otherwise correctly determined sentencing guidelines range.

In sentencing proceedings, the Guidelines serve as an initial benchmark to secure nationwide consistency in sentencing. *Gall v. United States*, 552 U.S. 38, 49 (2007). When imposing a sentence, a district court must focus on a sentence's ability to accomplish the purposes set forth in § 3553(a). *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007) (citations omitted). If a sentencing judge, upon consideration of the Guidelines and § 3553(a) factors, concludes an outside-the-Guidelines sentence is warranted, he must promote the perception of fair sentencing by ensuring the degree of deviation from the Guidelines is supported by sufficiently compelling justification. *Gall* at 50.

After evaluating sentencing arguments in light of the § 3553(a) factors, and as part of imposition of a sentence, the district court must explain its reasons for selecting the particular sentence imposed. *Bolds* at 580. If a district court decides to deviate from the Guidelines range, it must consider the extent of the deviation and ensure its justification is sufficiently compelling to support the degree of the variance. *Gall* at 50. A district court should support a major deviation by more sufficient justification than a minor one. *Id.*

For the reasons stated herein the Court should, upon consideration of both sentencing factors under 18 U.S.C. § 3553 and a motion the government expects to file pursuant to USSG §

5K1.1 for a downward departure from Huffman's otherwise applicable Guidelines range, determine the appropriate sentence in this case.

Respectfully submitted,

MARK T. D'ALESSANDRO
Acting United States Attorney

*s/Dale E. Williams, Jr.*
DALE E. WILLIAMS, JR. (0020094)
DEBORAH F. SANDERS (0043575)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
(614) 469-5715; Fax: (614) 469-5653
Dale.Williams@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Government's Sentencing Memorandum was served this 3rd day of December, 2013, electronically on: David H. Thomas, Attorney for Defendant Huffman.

*s/Dale E. Williams, Jr.*
DALE E. WILLIAMS, JR. (0020094)
Assistant United States Attorney
